UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Loren J. Zutz and Elden J. Elseth,

      Plaintiffs,

v.                                                                                                   Civil No. 08-958 (JNE/RLE)
                                                                                    ORDER

John Nelson, Arlyn Stroble, Nick Drees,
Douglas Kamrowski, RoughRider Legal
Support Services, Inc., and Danny Omdahl,

      Defendants.

---

Paul A. Sortland, Esq., Sortland Law Office, appeared for Plaintiffs Loren J. Zutz and Elden J. Elseth.

Lindsay G. Arthur, Jr., Esq., Arthur Chapman Kettering Smetak & Pikala, PA, appeared for Defendants John Nelson and Arlyn Stroble.

Paula Duggan Vraa, Esq., Larson King, LLP, appeared for Defendants Nick Drees and Danny Omdahl.

Richard P. Mahoney, Mahoney Dougherty and Mahoney, PA, Esq., appeared for Defendants Douglas Kamrowski and RoughRider Legal Support Services, Inc.

---

      Plaintiffs Loren J. Zutz and Elden J. Elseth are board members of the Middle Snake Tamarac Rivers Watershed District, and they bring this action against two other board members, Defendants John Nelson and Arlyn Stroble; the District's Administrator, Defendant Nick Drees; an employee of the District, Defendant Danny Omdahl; and an investigator and investigative agency, Defendants Douglas Kamrowski and RoughRider Legal Support Services, Inc., respectively. Plaintiffs assert claims under 42 U.S.C. § 1983 (2000) for alleged violations of their constitutional rights, as well as claims under state law for defamation per se, defamation, and negligent defamation. Plaintiffs also seek a declaration that certain actions they have taken

1

did not violate Minnesota law. The case is before the Court on various dispositive motions filed by Defendants. For the reasons below, the Court grants the motions and dismisses the case.

As best the Court is able to discern, the federal claims in Plaintiffs' Complaint are based on allegations of defamation, presumably in violation of Plaintiffs' Fourteenth Amendment rights to due process.[1] "Defamation, by itself, is a tort actionable under the laws of most States, but not a constitutional deprivation." *Siegert v. Gilley*, 500 U.S. 226, 233 (1991). Before damage to reputation will qualify as a liberty or property interest protected by the Fourteenth Amendment right to procedural due process, "[t]he loss of reputation must be coupled with some other tangible element," *Gunderson v. Hvass*, 339 F.3d 639, 644 (8th Cir. 2003), such as loss of public employment. *See Siegert*, 500 U.S. at 234-35; *Paul v. Davis*, 424 U.S. 693, 701-12 (1976); *cf. Boyanowski v. Capital Area Intermediate Unit*, 215 F.3d 396, 401 (3d Cir. 2000) (stating that, while defamation-related procedural due process claims are cognizable, "precedent makes clear that [a 'defamation-type'] claim cannot present a substantive due process violation in the first place"). In this case, neither the Complaint nor Plaintiffs' memoranda allege some other such "tangible element." *See Brown v. Simmons*, 478 F.3d 922, 923 n.3 (8th Cir. 2007) (indicating that, in connection with alleged defamation, transferring an employee to a different position with less pay is insufficient to create a due process issue). Accordingly, the Court concludes that Plaintiffs fail to state a claim with respect to their defamation-based allegations regarding violation of their Fourteenth Amendment due process rights. *See Frey v. City of Herculaneum*, 44 F.3d 667, 671 (8th Cir. 1995) (indicating a motion to dismiss should be granted

---

[1] To the extent that Plaintiffs assert any conspiracy claim pursuant to 42 U.S.C. § 1985 (2000), the claim is conclusory and should be dismissed. *See Snelling v. Westhoff*, 972 F.2d 199, 200 (8th Cir. 1992). In addition, Plaintiffs' memoranda indicate an intention to assert, pursuant to section 1983, a First Amendment retaliation claim. However, Plaintiffs' motion to amend the Complaint to add, among other things, a First Amendment retaliation claim was denied on the ground that the amendments would have been futile.

when the "allegations that show on the face of the complaint that there is some insuperable bar to relief" (quotation marks omitted)).

Regarding Plaintiffs' remaining claims, the Declaratory Judgment Act does not provide an independent basis for federal jurisdiction, *see Victor Foods, Inc. v. Crossroads Economic Development*, 977 F.2d 1224, 1227 (8th Cir. 1992), and a district court may decline to exercise supplemental jurisdiction over state-law claims if it "has dismissed all claims over which it has original jurisdiction," 28 U.S.C. § 1367(c)(3) (2006). Plaintiffs may pursue these claims in state court. In the absence of complete diversity, the Court dismisses these claims without prejudice.

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Defendants Nelson and Stroble's Motion to Dismiss with Prejudice [Docket No. 22] is GRANTED to the extent herein indicated.

2. Defendants Drees and Omdahl's Rule 12 Motion to Dismiss [Docket No. 34] is GRANTED to the extent herein indicated.

3. Defendants Kawrowski and RoughRider Legal Support Services' Motion for Summary Judgment [Docket No. 39] is GRANTED to the extent herein indicated.

4. Counts I, II, and VII of Plaintiffs' Complaint [Docket No. 1] are DISMISSED WITH PREJUDICE.

5. Counts III, IV, V, and VI of Plaintiffs' Complaint [Docket No. 1] are DISMISSED WITHOUT PREJUDICE.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: January 23, 2009

s/ Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge